UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

RENITA THOMAS, as parent and guardian
on behalf of her minor daughters, J.W. and K.W.,                    15 CV 1622 (RRM)(VMS)

                                        Plaintiffs,                 FIRST AMENDED
                                                                    <u>COMPLAINT</u>

                    - against -
                                                                    JURY TRIAL
                                                                    DEMANDED

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, SERGEANT DAVRIN,
P.O. SEAN KEEGAN, JOHN DOE Police officers
A – F, the name "Doe" being fictitious and intended
to represent those police officers involved in the false
arrest, and malicious prosecution of Plaintiffs,

                                        Defendants.
-------------------------------------------------------------------------X

Plaintiffs, by their attorneys, **MANGAN GINSBERG LLP,** for their Complaint against the

Defendants, allege, at all times material herein, that:

<u>NATURE OF THE ACTION</u>

1) Plaintiffs J.W. and K.W., two young children, ages fourteen and eleven on the date of these

   events, bring this 42 U.S.C. 1983 civil rights action for false arrest, and malicious prosecution

   stemming from events on April 7, 2014, when they were forcibly arrested without probable

   cause. The eleven- and fourteen-year-old Plaintiffs were on their way to meet their mother after

   finishing school, when the Defendant police officers knowingly and intentionally arrested them

   for no reason. The Plaintiffs were forcibly handcuffed, and put into a waiting police car. The

   eleven-year-old Plaintiff, K.W., was then released and left alone by herself at a Brooklyn

   subway station, while the fourteen-year-old Plaintiff J.W. was brought to and detained in the 75th

   Precinct in Brooklyn, and then released with no charges.

## **VENUE AND JURISDICTION**

2) This action is brought pursuant to 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to New York State Tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## **PARTIES**

5) Plaintiff Renita Thomas, is a resident of the State of New York, County of Kings, and is the mother and guardian of Plaintiffs J.W. and K.W.

6) Plaintiffs J.W. is a resident of the State of New York, County of Kings, and is related to Plaintiff Renita Thomas and Plaintiff K.W., by blood, and is African American.

7) Plaintiffs K.W. is a resident of the State of New York, County of Kings, and is related to Plaintiff Renita Thomas and Plaintiff J.W., by blood, and is African American.

8) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

9) Upon information and belief, Defendant Sergeant Davrin, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities.

10) Defendant P.O. Sean Keegan, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities.

11) Upon information and belief, Defendants John Doe Police Officers are New York City Police Officers and employees of the City, who acted under color of law and within the scope of their employment when they falsely arrested, intentionally inflicted emotional distress, and

maliciously prosecuted the Plaintiffs.

12) Upon information and belief, Defendants Sergeant Davrin, Sean Keegan and "John Does," at the time of the events described herein, acted in their official and individual capacities.

13) All individual defendants are being sued in their individual capacities.

## FACTS

14) On or about April 7, 2014, at approximately 3:40 PM, two sisters, fourteen-year-old J.W., and eleven-year-old K.W., both students at the Academy for Young Writers, arrived at the New Lots Avenue train station in Brooklyn, New York, on their way home from school. While the Plaintiffs were on the subway platform, along with their schoolmates, a fight broke out. A young boy, who was a student at the Plaintiffs' school, was attacked and injured by multiple male assailants on the train platform. Police officers arrived and asked for a volunteer to go with the student to the hospital. J.W., volunteered to go.

15) The police officer who asked for a volunteer acknowledged J.W., and agreed. Once off the train as per the officer's orders, J.W. stood beside the injured boy, waiting to accompany him to the hospital.

16) A few minutes later, a Defendant police officer, cursed at J.W. and told her to go away. Another officer then insulted J.W.

17) J.W. then walked away to call her mother to tell her she was going with the boy and K.W. to the hospital. Another officer cursed at her and told her he did not care who she was on the phone with.

18) At that point, one of the officers approached J.W. and began cursing at her and telling her to "shut up." J.W. was then placed in handcuffs by another officer.

19) Upon witnessing this, K.W. started crying and the officer told her to shut up and cursed at her. K.W., the eleven-year-old was then unlawfully arrested. Both Plaintiffs J.W. and K.W.

were handcuffed and placed in the back of a police car, and detained against their will. K.W. was released after approximately fifteen minutes in handcuffs. The police then left K.W. alone at the train station unsupervised, and drove J.W. to the 75th Precinct.

20) J.W. was detained in police custody at the precinct until approximately 5:00PM. While in police custody, the officers interrogated J.W. and unnecessarily informed her that her father had previously been arrested by the New York Police Department.

21) J.W. was released without charges or any documentation regarding her arrest.

22) Conditions precedent for New York State Tort Law claims have been satisfied, including filing of notices of claim and compliance with time constraints for suit.

## AS AND FOR A FIRST CAUSE OF ACTION

(False Arrest Under the 4th and 14th Amendments
of the U.S. Constitution and 42 U.S.C. § 1983)

23) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

24) Plaintiffs J.W. and K.W., were falsely and unlawfully arrested, detained, imprisoned, searched and deprived of liberty against their will.

25) Defendants violated the protections guaranteed these plaintiffs as citizens of the United States by arresting, detaining, imprisoning, and kidnapping them without probable cause.

26) Defendants committed these false and unlawful arrests, imprisonments, detentions, searches and deprivations of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the plaintiffs' rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiffs' rights, privileges and immunities secured by the United States Constitution.

27) All Defendants acted under color of law.

28) Defendants apprehended these plaintiffs based upon racial profiling and/or because of other

improper and insufficient reasons.

29) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of their race.

30) The City of New York violated protections guaranteed plaintiffs as citizens of the United States by failing to train, supervise, discipline and by negligently hiring the police officers who arrested, detained, imprisoned, and humiliated plaintiffs.

31) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

### (False Arrest Under NY Tort Law)

32) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

33) Plaintiffs J.W. and K.W., were falsely arrested in that they were wrongly, unlawfully and unjustifiably detained, arrested, searched and deprived of liberty against their will.

34) The wrongful, unjustifiable and unlawful apprehension, arrest, detention, search and imprisonment were carried out without probable cause.

35) All defendants are liable for said damage and injuries pursuant to Tort law of the State of New York.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Malicious Prosecution/Abuse of Process
### Under the 4th Amendment,
### 14th Amendment and 42 U.S.C. § 1983)

36) Plaintiff J.W. realleges the facts stated in all paragraphs above as if stated fully herein.

37) Defendants brought criminal charges against Plaintiff J.W. without probable cause.  These charges were dismissed resulting in favorable terminations of the charges.

38) Defendants commenced the criminal action against Plaintiff J.W. without probable cause and without legal or factual justification.  The criminal action was, upon information and belief,

abandoned due to a lack of evidence to support the action, and based on false allegations invented solely for the purpose of punishing the Plaintiff.

39) All Defendants acted under color of law.

40) The City of New York violated protections guaranteed Plaintiff as citizens of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

41) The City of New York violated protections guaranteed Plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who commenced false charges against Plaintiff J.W., and who commenced the false and frivolous actions against the Plaintiff.

42) All Defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Defendant City of New York's Negligent Hiring,
Supervision, Training and Failure to Discipline)

43) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

44) The City of New York is aware of the likelihood that its police officers make false arrests without probable cause, use excessive force and battery upon persons, falsely charge and maliciously prosecute its citizens, use excessive force, use techniques intended to cause extreme emotional harm and distress while in police custody, and to defame its citizens, but has failed to protect citizens from this conduct by negligently hiring, failing to properly screen candidates for employment, failing to train, failing to supervise and failing discipline its police officers.

45) As a result, Plaintiffs were falsely arrested, subjected to the intentional infliction of emotional distress and malicious prosecution, and suffered severe emotional distress and suffering, humiliation, anxiety and embarrassment, pain and suffering, in addition to the

impairment of Plaintiffs' civil rights as citizens of this State and of the United States.

46) Plaintiffs were injured due to the failure of the City of New York, through the NYPD, to properly hire, screen, train, supervise and discipline its officers, including the defendant officers.

47) The City of New York is liable to the plaintiffs for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining.

## AS AND FOR A FIFTH CAUSE OF ACTION

(The City of New York is liable under *Monell* for Maintaining
Unconstitutional Policies and Practices Including, but not limited to
Failing to Adequately Train and Supervise Police Officers.)

48) Plaintiffs reallege the facts stated in all paragraphs above as if stated fully herein.

49) The City of New York, through the New York City Police Department, maintains a policy that its police officers should circumvent the privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Fourth Amendment, by encouraging police officers to make unlawful arrests without probable cause, and to file and maintain false charges against its citizenry.

50) The City knows of the likelihood that its police officers make arrests based on racial profiling or by other error, knows their propensity towards arresting citizens on baseless and wrongful charges, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

51) Not only does the City know of its officers to make these false arrests, and to maintain false charges, but it encourages its officers to do so as a "cost of doing business" by living in certain areas within New York City.  Unfortunately, most of these areas are poor areas, where the citizens do not have mobility or the same availability of choices to live somewhere else.

52) As a result of the City's policy to make discriminatory stops, arrests and to falsely prosecute persons of African American descent, Plaintiffs were falsely arrested.

53) The City of New York is liable to the Plaintiffs for their injuries sustained as a result of

negligent hiring, screening, training, supervision and disciplining and the policies of the City

of New York.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment and pray for the following relief, jointly and

severally, against the Defendants:

(a)    special and compensatory damages in the amount of three hundred thousand

dollars ($300,000);

(b)    punitive damages in the amount of three hundred thousand  dollars ($300,000);

(c)    reasonable attorney's fees and the costs of litigation of this action pursuant to 42

U.S.C. § 1988;  and

(d)    such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       April 6, 2016              **MANGAN GINSBERG LLP**

/s/

_____

By:  Michael P. Mangan
*Attorneys for Plaintiffs*
80 Maiden Lane, Suite 304
New York, New York 10038
(212) 248-2170